Nos. 18-3349 & 19-1651

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

**HUMBERTO TRUJILLO,**

              **Plaintiff-Appellant,**

     **v.**

**ROCKLEDGE FURNITURE LLC,**

            **Defendant-Appellee.**

---

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division
Case No. 17-cv-05343
The Honorable Virginia M. Kendall, Judge Presiding

---

## BRIEF OF DEFENDANT-APPELLEE

---

David L. Christlieb (Counsel of Record)
Amanda E. Inskeep
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, IL 60654
(312) 372.5520

*Attorneys for Defendant-Appellee*

## <u>DISCLOSURE STATEMENT</u>

Counsel of record for Defendant–Appellee furnishes the following information as required by Circuit Rule 26.1 and Federal Rule of Appellate Procedure 26.1.

1. The full name of every party or amicus the attorney represents in the case:

**Rockledge Furniture LLC**

2. The name of all law firms whose partners or associates have appeared for the party in the case or are expected to appear for the party in this court:

**Littler Mendelson, P.C.**

3. If such a party is a corporation:

(a) Its parent corporation, if any:

**Rockledge Furniture LLC is now wholly owned by Ashley Global Retail, LLC.**

(b) A list of stockholders which are publicly held companies owning 10% or more of the stock in the party or amicus:

**Rockledge Furniture, LLC is wholly owned by Ashley Global Retail, LLC. No publicly traded corporation owns 10% or more of Ashley Global Retail, LLC's stock**.

*/s/ David L. Christlieb*

David L. Christlieb (Counsel of Record)
Amanda E. Inskeep
LITTLER MENDELSON, P.C.
Attorneys for Rockledge Furniture LLC

i

I.     JURISDICTIONAL STATEMENT ........................................................ 1

II.    STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ...................... 1

III.   STATEMENT OF THE CASE ............................................................... 1

     A.    Relevant Procedural Posture ................................................... 1

     B.    Relevant Facts ......................................................................... 2

           1.    April 2016:  Trujillo Sent A Demand Letter To Rockledge That Did Not Mention An EEOC Charge ................................... 3

           2.    May 2016:  Trujillo Filed An EEOC Charge That Misnamed The Respondent And Was Never Served On Rockledge ........................................................................ 4

           3.    July 2017 - January 2018:  Trujillo Filed This Lawsuit, But The District Court Dismissed His Claims For Failure To Plead Exhaustion Of His Administrative Remedies ............. 4

           4.    January 2018:  Rockledge Served Supplemental Disclosures ......................................................................... 5

           5.    January – July 2018:  Trujillo Filed A Second Amended Complaint, Which Was Again Dismissed For Failure To Plead Exhaustion Of His Administrative Remedies ................. 6

           6.    January 2019:  Rockledge Located And Produced The Demand Letter In Voluminous E-Discovery In The Ongoing Case ....................................................................... 6

           7.    February – April 2019:  Trujillo Sought Relief From The Judgment Under Rule 60(b) Based On The E-mail and Demand Letter, Which The District Court Denied ................... 6

IV.   SUMMARY OF THE ARGUMENT .................................................... 8

V.    THE STANDARD OF REVIEW IS ABUSE OF DISCRETION, AND THE DISTRICT COURT'S ORDER CAN BE AFFIRMED ON ANY GROUND .......................................................................................... 9

VI.   ARGUMENT .................................................................................. 11

     A.    The Legal Standard On a Rule 60(b)(3) Motion .................................. 11

B.  The District Court's Decision Should Be Affirmed Because Trujillo Failed To Establish Any, Much Less All, Of The Three Elements Necessary To Obtain Relief From The Judgment By Clear And Convincing Evidence ................................................ 12

  1.  Trujillo Cannot Establish A Meritorious Claim ...................... 12

  2.  Rockledge's Not Identifying Trujillo's Own Demand Letter In Its Supplemental Initial Disclosures Was Not A Misrepresentation ........................................................ 14

  3.  Trujillo Was Not Prejudiced Or Prevented From Fully and Fairly Presenting His Case ....................................... 18

C.  Trujillo's Argument That The District Court Applied The Wrong Standard Fails Because The Court Can Affirm On Any Ground Supported By The Record ................................................ 19

VII.  CONCLUSION ................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Nat. Bank and Trust v. Equitable Life,*
 406 F.3d 867 (7th Cir. 2005) ................................................. 11

*Bell v. Eastman Kodak Co.,*
 214 F.3d 798 (7th Cir. 2000) ................................................. 9

*Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130,*
 657 F.2d 890 (7th Cir. 1981) .............................................*passim*

*Ervin v. Wilkinson,*
 701 F.2d 59 (7th Cir. 1983) ................................................. 17

*Hamm v. Ameriquest Mortg. Co.,*
 No. 05 C 227, 2008 WL 3849919 (N.D. Ill. Aug. 14, 2008)................... 17

*Hicks v. Midwest Transit, Inc.,*
 531 F.3d 467 (7th Cir. 2008) ................................................. 10

*Kagan v. Caterpillar Tractor Co.,*
 795 F.2d 601 (7th Cir. 1986) ................................................. 10

*Kaplan v. City of Chicago,*
 No. 05 C 2001, 2009 WL 1940789 (N.D. Ill. July 6, 2009) .................... 17

*Kennedy v. Schneider Elec.,*
 No. 17-1645 (7th Cir. Jun. 19, 2018)...................................... 20

*Lonsdorf v. Seefeldt,*
 47 F.3d 893 (7th Cir. 1995) .............................................*passim*

*Payne v. Churchich,*
 161 F.3d 1030 (7th Cir. 1998) ................................................ 11

*Schnellbaecher v. Baskin Clother Co.,*
 887 F.2d 124 (7th Cir. 1989) ................................................. 13

*Slaney v. Int'l Amateur Athletic Federation,*
 244 F.3d 580 (7th Cir. 2001) ................................................. 10

*Snowden v. Litton Loan Servicing Inc.,*
 356 B.R. 429 (N.D. Ill. 2006) .................................................................. 21

*Ty Inc., v. Softbelly's, Inc.,*
 353 F.3d 528 (7th Cir. 2003) ........................................................... 16, 17

*Viskase Corp. v. Am. Nat. Can Co.,*
 979 F. Supp. 697 (N.D. Ill. 1997) .................................................... 16, 18

*Wells Fargo Fin. Leasing, Inc., v. Comdisco, Inc.,*
 No. 5 CV 129, 2006 WL 1519324 (N.D. Ill. May 30, 2006) ................................ 21

*White v. Anthology, Inc.,*
 No. 08 C 1371, 2009 WL 4215096 (N.D. Ill. Nov. 6, 2009) ............................ 12, 16

*Wickens v. Shell Oil Co.,*
 620 F.3d 747 (7th Cir. 2010) ................................................................ 12

*Williamson v. Indiana Univ.,*
 345 F.3d 459 (7th Cir. 2003) ................................................................ 10

## Statutes

Age Discrimination in Employment Act or the Illinois Human Rights
 Act ........................................................................................ 1

## Other Authorities

Fed. R. Civ. Pro. Rule 54(b) .................................................................. 2, 6

Fed. R. Civ. Pro. Rule 60(b) ...........................................................*passim*

## I.      JURISDICTIONAL STATEMENT

Pursuant to Circuit Rule 28(b), Defendant-Appellee Rockledge Furniture LLC ("Rockledge") states that the jurisdictional statement of Plaintiff-Appellant Humberto Trujillo ("Trujillo") is accurate, except that Rockledge is wholly owned by Ashley Global Retail, which is headquartered in Florida.

## II.      STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.      Whether Appellee's not identifying in its Supplemental Initial Disclosures a demand letter sent by Appellant's own attorney amounted to a misrepresentation warranting relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(3).

2.      Whether an employer's receipt of a demand letter from a former employee that alleged age discrimination and sought resolution, but did not mention a forthcoming EEOC charge, is an adequate substitute for notice of an EEOC charge under the narrow exception to the exhaustion of administrative remedies requirement set forth in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981), such that not disclosing the demand letter prevented Appellant from fully and fairly presenting his case, warranting relief from judgment under Rule 60(b)(3).

## III.      STATEMENT OF THE CASE

### A.      Relevant Procedural Posture

There are four Plaintiffs in the underlying action; however, this appeal only concerns the dismissal of Plaintiff Trujillo's ADEA claims. Trujillo filed his initial Complaint on July 20, 2017.  Rockledge moved to dismiss it for failing to allege

exhaustion of his administrative remedies. In response, Trujillo filed a First Amended Complaint ("FAC"), adding three additional Plaintiffs, and then a Second Amended Complaint ("SAC"), both of which were dismissed by the District Court for failure to plead exhaustion of his administrative remedies. After entry of a Rule 54(b) order, Trujillo appealed the dismissal, hereafter referred to as "Appeal 1," which is currently pending before this Court. (Dkt. No. 56; Dkt. No. 63; Appeal No. 18-3349.)[1]

Trujillo then filed a Rule 60(b) motion with the District Court while Appeal 1 was pending. In the motion, he claimed that an email his attorney sent to Rockledge in April 2016 that was produced in discovery in the ongoing underlying case required relief from the dismissal under Rule 60(b) because it was "newly discovered evidence," or because Rockledge had not identified it in its supplemental initial disclosures. (Dkt. No. 76 at 3.) After ordering full briefing, the District Court denied Trujillo's Rule 60(b) Motion. (S.A. 003.) This appeal followed, and the Court consolidated the two appeals *sua sponte*.

### B.    Relevant Facts

The facts of this case are covered at length in the parties' briefs in the First Appeal. (Appeal 1, Doc. 12, Doc. 14.) Therefore, Rockledge will address only those facts that are relevant to Trujillo's motion for relief under Rule 60(b), which is the subject of this appeal.

---

[1] Rockledge cites to the District Court docket as "(Dkt.___)", the Short Appendix in Appeal 19-1651 as "(S.A.__)", Appellant's Brief as "App. Br.", and the documents filed in Appeal 18-3349 as "(Appeal 1)".

### 1.    April 2016:  Trujillo Sent A Demand Letter To Rockledge That Did Not Mention An EEOC Charge.

Trujillo was employed by Rockledge as a Store Manager of one of its Ashley Furniture HomeStores in the Chicago area until March 2016, when his employment was terminated. (Dkt. No. 43 ¶¶ 13–14.) Trujillo retained a lawyer, Gary Martuccio of Spielberger Law Group, who sent a demand letter to Rockledge, dated April 5, 2016 ("Demand Letter"). (S.A. 021.) The Demand Letter alleged age discrimination and retaliation and mentioned the possibility of private resolution, but did not mention that an EEOC Charge had been filed. (*Id*.) The Demand Letter reflects that it was sent after consultation with Trujillo, and Trujillo was copied on it. (S.A. 023.) Trujillo does not deny receiving his copy of the Demand Letter from his attorney, and says only that he does not *recall* having received it and did not find it in his email or among his papers. (App. Br. at 7.) He does not state whether he even sought his litigation file from his former counsel.

On April 28, 2016, the Demand Letter was e-mailed to Lindsey Higgins, a Human Resources employee at Rockledge. (Dkt. No. 85, 5:18–19; S.A. 020.) The email requested that Higgins advise if he would be the point of contact for Trujillo and the law firm and, if not, inform them who would be the point of contact. (*Id*.) It did not reference an EEOC charge. Indeed, Trujillo did not file his EEOC charge until weeks *after* this letter was drafted and later emailed, May 16, 2016.[2]  Rockledge heard nothing further from Trujillo or his attorney until the lawsuit was served.

---

[2] The District Court's Order on the 60(b) motion refers to the Charge being filed on *March* 16, 2016 (S.A. 002); however, the correct date is *May* 16, 2016. (Dkt. 27, Ex. A.)

2. **May 2016:  Trujillo Filed An EEOC Charge That Misnamed The Respondent And Was Never Served On Rockledge.**

Trujillo's May 16, 2016 EEOC Charge named the brand – Ashley Furniture HomeStore – as the respondent, instead of "Rockledge Furniture LLC," the entity listed on Trujillo's paystub.  (*Id.*, Ex. A, C.)  Trujillo, a long-term Store Manager for Rockledge, concedes that this was an error. (Appeal 1, Doc. 12 at 21.)  The EEOC did not serve the charge on Rockledge, but instead served it on a different, unrelated entity, Hill Country Holdings, which holds a license to operate an Ashley Furniture HomeStore in Texas. (Dkt. No. 43, ¶ 38.)  The EEOC file reveals that Hill Country Holdings responded that it never employed Trujillo.  (Appeal 1, Doc. 12, App. Br. at 8.)  On April 21, 2017, after following up with Trujillo's lawyer and being provided with Trujillo's paystub showing that Rockledge was the employer, the EEOC dismissed the Charge on the ground that Trujillo was never an employee of Hill Country Holdings, and served Hill Country Holdings and Trujillo with a copy of the Dismissal.  (Dkt. No. 43, ¶ 45.)

For reasons unknown, Trujillo did not seek redress with the EEOC, seek to reopen or refile his EEOC charge to name Rockledge, or take other action to exhaust his administrative remedies as to Rockledge.  Instead, Trujillo filed this lawsuit.

3. **July 2017 - January 2018:  Trujillo Filed This Lawsuit, But The District Court Dismissed His Claims For Failure To Plead Exhaustion Of His Administrative Remedies.**

On July 20, 2017, Trujillo filed his initial Complaint.  Rockledge moved to dismiss for failure to plead exhaustion of his administrative remedies. Trujillo responded by filing a First Amended Complaint ("FAC") adding three additional

Plaintiffs and alleging additional facts intended to show that he had exhausted his administrative remedies. (*Compare* Dkt. No. 1, ¶ 29 *with* Dkt. No. 24, ¶ 34.) Because the additional facts, if taken as true, did not show that Trujillo had exhausted his administrative remedies, Rockledge renewed its motion to dismiss.

On January 2, 2018, the District Court dismissed the FAC as to Trujillo, without prejudice, to provide Trujillo with an opportunity to plead facts showing that Rockledge had "adequate notice" of the EEOC Charge under the standard set forth in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) and its progeny. (Dkt. No. 37, pp. 7–10.) The District Court noted that Trujillo "must do more in his amended complaint, if possible, to show how Rockledge knew or should have known of <u>the EEOC charge</u> [not merely of his <u>discrimination claims</u> as Trujillo repeatedly suggests throughout his brief] in order to satisfy the [*Eggleston*] exception." (S.A. 014.) It also ordered Rockledge to produce its supplemental disclosures in time for Trujillo to be able to use the newly disclosed information, if any, to support his amended complaint. (S.A. 036–37.)

### 4. January 2018: Rockledge Served Supplemental Disclosures.

On January 26, 2018, Rockledge served supplemental disclosures on the four Plaintiffs, stating that, aside from "Documents related to Plaintiffs' Charges of Discrimination," it possessed "no further factual information that is relevant to this granted motion." (S.A. 028.) Rockledge did not identify the Demand Letter, which came to light during January 2019, in the course of e-discovery and production of documents from the emails of Lindsay Higgins, who had left the Company in mid-

5

2017.  This is the alleged "misrepresentation" upon which Trujillo based his Rule 60(b) motion and this appeal.  The Demand Letter was not identified in Trujillo's initial disclosures either.   Nor should the Demand Letter have been disclosed, as it had no bearing on the "granted motion."   A plaintiff's attorney's own letter, which predated Trujillo's EEOC charge and made no mention of one, was irrelevant to the motion.

> **5.     January – July 2018:  Trujillo Filed A Second Amended Complaint, Which Was Again Dismissed For Failure To Plead Exhaustion Of His Administrative Remedies.**

Trujillo filed a Second Amended Complaint ("SAC"), which was again dismissed for failure to plead exhaustion of his administrative remedies.  (Dkt. No. 43; S.A. 016–18.)  After entry of a Rule 54(b) order, Trujillo appealed to this Court, hereafter referred to as "Appeal 1." (Dkt. No. 56; Dkt. No. 63; Appeal No. 18-3349.)

> **6.     January 2019:  Rockledge Located And Produced The Demand Letter In Voluminous E-Discovery In The Ongoing Case.**

Meanwhile, in the underlying suit, discovery proceeded as to the other three Plaintiffs. (S.A. 035—36.)   In the course of this discovery, Rockledge conducted extensive discovery of electronically stored information including emails sent and received by Lindsay Higgins in Human Resources.  On January 18, 2019, Rockledge produced to Plaintiffs' counsel the email forwarding the Demand Letter to Lindsay Higgins.

> **7.     February – April 2019:  Trujillo Sought Relief From The Judgment Under Rule 60(b) Based On The E-mail and Demand Letter, Which The District Court Denied.**

On February 4, 2019 Trujillo filed a Motion for Relief from Final Judgment

under Rule 60(b). (Dkt. No. 76.) Trujillo argued that the e-mail to Higgins attaching the Demand Letter was "newly discovered evidence" that warranted relief under Rule 60(b)(2) and that he "could not have discovered" it before it was produced by Rockledge. (*Id.* at 4.)  Trujillo also argued that Rockledge's failure to mention the e-mail and Demand Letter in its supplemented initial disclosures was a "misrepresentation" that "prevented Trujillo from 'fully and fairly' presenting his case," warranting relief under Rule 60(b)(3). (*Id.* at 6.) At no point did Trujillo or his attorney file an affidavit with the District Court alleging that the Demand Letter was no longer in Trujillo's or his attorneys' possession; that Trujillo had requested his case file from Spielberger Law Group; or that these documents were excusably missing. Trujillo only claims that he does not recall the Demand Letter and did not find it in his papers.  (App. Br. at 7.)

After full briefing, the District Court denied Trujillo's 60(b) motion. It found Rule 60(b)(2) did not apply: the Demand Letter "is not newly discovered evidence because Trujillo's prior counsel had it." (S.A. 003.) The Court explained that although Trujillo "repeatedly asserts that he 'could not have discovered' the email until Rockledge produced it . . . that simply cannot be the case, because his own lawyer wrote the letter, copied to him, and his lawyer's office sent the email." (*Id.*)  Trujillo does not challenge this ruling on appeal.

Next, the District Court held that relief was not warranted under Rule 60(b)(3). (*Id.*) The District Court did not further analyze whether Rockledge's failure to identify the Demand Letter in its Supplemental Disclosures amounted to a misrepresentation, because it concluded that "a Rule 60(b)(3) motion based on alleged concealment of

7

documents or information will not succeed if the movant was aware of or had access to the information concealed." (*Id.*) Therefore, the Court held, Trujillo's 60(b)(3) argument suffered from the same defect as his 60(b)(2) argument: "his previous counsel (or his counsel's office) sent the email and letter on his behalf, and Trujillo is bound by those actions." (*Id.*)

## IV.    SUMMARY OF THE ARGUMENT

The District Court properly denied Trujillo's motion for relief from the judgment under Rule 60(b)(3).  To obtain relief under Rule 60(b)(3), the movant must show that he has a meritorious claim that he was prevented from fully and fairly presenting due to the adverse party's fraud, misrepresentation or misconduct.  The District Court concluded that since the Demand Letter was drafted and e-mailed to Higgins by Trujillo's own lawyer, his motion for relief from judgment based on alleged concealment could not succeed.

The District Court did not further analyze whether Rockledge's failure to identify the e-mailed Demand Letter in its supplemental Initial Disclosures amounted to a misrepresentation.  However, this Court should affirm the District Court's decision on this ground as well because there was no misrepresentation.  The Demand Letter did not reference Trujillo's EEOC Charge or put Rockledge on notice of his EEOC Charge.  The Demand Letter could not have done so, as it was sent prior to the filing of any EEOC charge.  Accordingly, Rockledge's statement in its Supplemental Initial Disclosures that it had "no further factual information that is relevant to the granted motion" was correct.  It was not a misrepresentation.

Given that the District Court concluded that Trujillo had the Demand Letter,

it did not further analyze whether Trujillo was prevented from fully and fairly presenting his case. However, this Court can and should affirm the District Court's decision on this ground as well. Trujillo's own attorney sent the Demand Letter and copied Trujillo. Trujillo does not deny receiving his copy or explain his lack of diligence in locating a copy. (App. Br. at 7.) Even if Rockledge had considered the Demand Letter relevant, it had no way of knowing that Trujillo did not have his own copy. Further, the Demand Letter only put Rockledge on notice of Trujillo's contention that his employment was terminated based on his age and that he was seeking a resolution. Because it did <u>not</u> put Rockledge on notice of his EEOC Charge at a point where the EEOC could have facilitated conciliation, it does not implicate the exception to the exhaustion of administrative remedies requirement set forth in *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981) (failure to name a party in his EEOC charge is excused "where the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance"). The Court should affirm the District Court's denial of Trujillo's Rule 60(b)(3) motion.

## V. THE STANDARD OF REVIEW IS ABUSE OF DISCRETION, AND THE DISTRICT COURT'S ORDER CAN BE AFFIRMED ON ANY GROUND

The standard of review for a ruling on a Rule 60(b) motion is abuse of discretion. *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000). When "reviewing the district court's Rule 60(b) determination," the Court "can only consider whether the denial of the motion was an abuse of discretion; [it] cannot reach the

merits of the underlying judgment." *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir. 1986) (*quoting Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir. 1985)). As a result, the scope of review is much narrower than would be the "review on direct appeal of the underlying order from which relief was sought by the Rule 60(b) motion." *Id.* (*quoting Pryor v. United States Postal Service*, 769 F.2d 281, 286 (5th Cir. 1985)).

This abuse of discretion standard of review applies even where the appeal from the Rule 60(b) motion has been consolidated with an appeal from the underlying judgment. *Hicks v. Midwest Transit, Inc.*, 531 F.3d 467 (7th Cir. 2008) (reviewing an appeal on the grant of summary judgment de novo, but reviewing an appeal for denial of a Rule 60(b) motion directed at the same summary judgment for abuse of discretion); *Williamson v. Indiana Univ.*, 345 F.3d 459, 462 (7th Cir. 2003) (same). The two appeals must be considered separately and held to their respective standards of review.[3]

Importantly, an "appellate court may affirm the district court's dismissal on any ground supported by the record, even if different from the grounds relied upon by the district court." *Slaney v. Int'l Amateur Athletic Federation*, 244 F.3d 580, 597 (7th Cir. 2001). As such, even if this Court determines that the District Court applied the wrong standard, the decision denying the Rule 60(b)(3) motion must be affirmed

---

[3] In his Appeal 1 reply brief, Trujillo claims that his inclusion of the Demand Letter in the Appeal 1 Short Appendix was justified by his subsequent Rule 60(b) motion. (Appeal 1, Doc. 24, at 16). However, because the e-mail "was not available to the District Court when it dismissed Trujillo's claims," (*id.*), it should not be considered in Appeal 1, and Appeal 1 should be limited to evidence before the District Court at the time of the decision. (*See* Appeal 1, Doc. 14, at 22–23.)

because, as explained below, denial of that motion was the right result. *American Nat. Bank and Trust v. Equitable Life*, 406 F.3d 867, 881 (7th Cir. 2005) ("[T]he district court erred in denying the motion as moot. Nonetheless, the district court reached the right result[.] Consequently, denial was the correct disposition of the motion, and we affirm that result."); *Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998) ("In the review of judicial proceedings the rule is settled that, if the decision below is correct, it must be affirmed, although the lower court relied upon a wrong ground or gave a wrong reason.") (*quoting Helvering v. Gowran*, 302 U.S. 238, 245 (1937) (internal quotation marks omitted)).

## VI.   ARGUMENT

### A.   The Legal Standard On a Rule 60(b)(3) Motion.

The Court should affirm the District Court's denial of Trujillo's motion for relief from the judgment under Federal Rule of Civil Procedure 60(b)(3).   Under Rule 60(b)(3), a court may relieve a party from a final judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."   For example, in the case cited by Trujillo, *Lonsdorf v. Seefeldt*, 47 F.3d 893 (7th Cir. 1995), a defendant in a sexual harassment case fraudulently altered a document, falsely testified to its veracity at deposition and trial, and then relied heavily upon it in closing arguments. *Id*. at 895.   The plaintiff only discovered after the verdict that the crucial document had been altered.  *Id*. at 896. The district court denied her subsequent Rule 60(b)(3) motion, reasoning that plaintiff's counsel should have discovered the alteration sooner. *Id*. The Seventh Circuit reversed, and in so doing, set forth the following standard:

> In order to obtain relief under Fed. R. Civ. P. 60(b)(3), the movant must prove that: (1) the party maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) the party was prevented from fully and fairly presenting its case at trial.

*Id.* at 897 (*citing Green v. Foley*, 856 F.2d 660, 665 (4th Cir. 1988), *cert. denied*, 490 U.S. 1031 (1989)). These elements must be established by "clear and convincing evidence." *Lonsdorf*, 47 F.3d at 897. It is well-established that "Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances," as in *Lonsdorf*; *see also Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (*quoting Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Those circumstances are not present here.

**B.    The District Court's Decision Should Be Affirmed Because Trujillo Failed To Establish Any, Much Less All, Of The Three Elements Necessary To Obtain Relief From The Judgment By Clear And Convincing Evidence.**

**1.    Trujillo Cannot Establish A Meritorious Claim.**

To obtain relief from a judgment under Rule 60(b), the movant must first show that he maintained a meritorious claim. In *Lonsdorf*, for example, the Seventh Circuit considered the fact that the plaintiff's claims had survived the defendant's motion for judgment as a matter of law as evidence that the plaintiff had established a *prima facie* claim of sexual harassment. 47 F.3d at 897. Likewise, in *White v. Anthology, Inc.*, No. 08 C 1371, 2009 WL 4215096, at *2 (N.D. Ill. Nov. 6, 2009), which Trujillo also cites, the plaintiff had shown a meritorious claim by surviving a motion for summary judgment.

In contrast, the judgment from which Trujillo seeks relief was the second dismissal of his claims. The District Court had twice found that Trujillo had failed to plead exhaustion of administrative remedies by failing to file an EEOC Charge naming Rockledge as the respondent and failed to show that an exception to the exhaustion requirement applied. Nothing in his Demand Letter would have changed this result. The Demand Letter is not evidence that Rockledge was properly named in the EEOC Charge. Nor did the Demand Letter put Rockledge on notice of an EEOC Charge; the Charge had not even been filed. Mere notice of Trujillo's contention in the Demand Letter that he was discriminated against based on his age is insufficient to meet the *Eggleston* exception to the requirement that a party not named in an EEOC Charge cannot be subject to suit. *See Eggleston v. Chi. Journeyman Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981). The "*Eggleston* exception" excuses a plaintiff's failure to name a party in his EEOC Charge if the plaintiff can show that the unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Schnellbaecher v. Baskin Clother Co.*, 887 F.2d 124, 126 (7th Cir. 1989).

In this appeal, as in Appeal 1, Trujillo frequently misstates the standard, replacing the term "charge" with "claim," to argue that notice of a claim can be substituted for notice of the EEOC Charge. (App. Br. at 5, 9, 14.) Whether the *Eggleston* exception applies when a defendant had notice of an alleged claim of discrimination but no notice of an *EEOC Charge* was argued extensively in

13

Rockledge's Appellee Brief in Appeal 1. (*See* Appeal 1, Doc. 14, at 16–19.) In its Appellee Brief in Appeal 1, Rockledge showed that notice of a claim cannot be substituted for notice of an EEOC Charge under existing law, and explained the legal and practical reasons why this Court should decline Trujillo's invitation to expand the exception. (*Id.*)

Because Trujillo cannot show by clear and convincing evidence that he has a meritorious claim – that is, that his claims would have survived Rockledge's Motion to Dismiss – the District Court properly denied his motion for relief from the judgment under Rule 60(b)(3).

### 2. Rockledge's Not Identifying Trujillo's Own Demand Letter In Its Supplemental Initial Disclosures Was Not A Misrepresentation.

The second element of the showing on a Rule 60(b)(3) motion for relief from the judgment is to show, by clear and convincing evidence, that the adverse party engaged in fraud, misrepresentation or misconduct. *Lonsdorf*, 47 F.3d at 897. After granting Rockledge's Motion to Dismiss his FAC and allowing Trujillo a third attempt to allege a valid claim in a SAC, the District Court required Rockledge to amend its initial disclosures to add any information that related to the issue of exhaustion of Trujillo's administrative remedies. Rockledge did so in January 2018, stating:

> <u>Plaintiff Trujillo</u>. As explained in Defendant's Motion to Dismiss, Trujillo's claims are subject to dismissal, in their entirety, for failure to exhaust administrative remedies under either the Age Discrimination in Employment Act or the Illinois Human Rights Act. On January 18, 2018, this court granted the Motion. Defendant currently has no further factual information that is relevant to this granted motion.

(S.A. 028.)

Trujillo's claim that this disclosure was a misrepresentation fails.  There is no evidence, much less clear and convincing evidence, that this was an untrue statement.  As explained above, the Demand Letter did not refer to the EEOC Charge or to any information showing that Trujillo had exhausted his administrative remedies, and thus would not have allowed him to amend his complaint to demonstrate exhaustion, as directed by the District Court   Indeed, both communications are entirely devoid of any reference to the EEOC or the filing of any administrative charge with that agency.  Because notice of a "claim" of alleged discrimination, as opposed to notice of an administrative "charge," does not satisfy the *Eggleston* exception (*see* Appeal 1, Doc. 14, p. 16-19), the Demand Letter did not provide any additional information related to the exhaustion issue.

Further, there is no evidence that Rockledge intended to mislead Trujillo in any way.  Rockledge only discovered the Demand Letter during January 2019, and produced it at that time as part of an extensive ESI review from the emails of Lindsay Higgins, a manager in Human Resources, who had left the Company in mid-2017. Moreover, even if Rockledge had located the Demand Letter a year earlier at the time of its Supplemental Initial Disclosures (which it had not), Rockledge would have had no way of knowing that Trujillo did not have his own Demand Letter or that he would (incorrectly) consider it to be evidence that Rockledge had notice of his subsequently-filed EEOC Charge.

What the record actually suggests here is that Trujillo forgot about the Demand Letter and he and/or his attorneys may have failed to exercise diligence in

15

securing or reviewing the file from his former attorney.     (App. Br. at 7.) Alternatively, he and/or his attorneys may, at that time, have correctly agreed it was not relevant to his exhaustion argument.

There was no misrepresentation here, and none of the cases cited by Trujillo warrant a different conclusion. In *Lonsdorf*, the defendant had fraudulently altered a document and produced it in discovery. The Seventh Circuit found that, when it came to the production of documents, a plaintiff "should not be required to assume that falsified documents are being produced by an opposing party," which does not happen absent fraud. 47 F.3d at 898. In contrast, here, there's no allegation of fraud which would excuse Trujillo's lack of diligence in failing to rely upon a document already in his possession.  None of the other cases cited by Trujillo involve failure to disclose a document in the possession of a plaintiff or his attorney or failure to disclose immaterial evidence, and they are thus distinguishable.

- In *Viskase Corp. v. Am. Nat. Can Co.*, 979 F. Supp. 697, 703–04 (N.D. Ill. 1997), the plaintiff's expert witness lied repeatedly on the stand on a central matter of the case – falsely claiming multiple times that he was physically present to witness a test when he was not.

- In *White v. Anthology, Inc.*, No. 08 C 1371, 2009 WL 4215096, at *3 (N.D. Ill. Nov. 6, 2009), two managers gave false testimony during trial on material issues in the case.

- In *Ty Inc., v. Softbelly's, Inc.*, 353 F.3d 528 (7th Cir. 2003), the plaintiff had tampered with a witness for the defendant, convincing him not to testify.

16

- In *Ervin v. Wilkinson*, 701 F.2d 59 (7th Cir. 1983), the plaintiff accused his attorney and prison officials of engaging in fraud to get him to agree to settle his claims.

These cases hold that "negligence is not a defense to *fraud or other deliberate wrongdoing*." *Ty Inc.*, 353 F.3d at 537 (emphasis added) (*citing Shropshear v. Corp. Counsel of City of Chicago*, 275 F.3d 593, 597 (7th Cir. 2001) ("[T]he plaintiff's lack of due diligence is not a defense, because the defendant's conduct is deliberate, just as a plaintiff's contributory negligence is not a defense to an intentional tort."). However, no fraud has been alleged here.

Trujillo critiques the District Court for citing cases that did not involve misrepresentation (App. Br. at 12 n.3), that was not an oversight: the District Court did not reach the question of "whether Rockledge's statement was a misrepresentation." Furthermore, those cases show why Trujillo would not be able to prove misrepresentation. *See Hamm v. Ameriquest Mortg. Co.*, No. 05 C 227, 2008 WL 3849919, at *4–5 (N.D. Ill. Aug. 14, 2008) (where the party had access to the documents and an incentive to seek them out, the party could not "correct its lack of thoroughness with this Rule 60(b) motion"); *Kaplan v. City of Chicago*, No. 05 C 2001, 2009 WL 1940789, at *3 (N.D. Ill. July 6, 2009) (motion for relief under 60(b)(3) denied because although plaintiff alleged that she had not known particular information, she fell short of proving that defendant had misrepresented any facts, especially where plaintiff could have accessed the documents herself).

17

### 3.    Trujillo Was Not Prejudiced Or Prevented From Fully and Fairly Presenting His Case.

There is no evidence, much less clear and convincing evidence, that Trujillo was prevented from fully and fairly presenting his case.  Relief under Rule 60(b)(3) is intended to provide "an escape valve to protect the fairness and integrity of litigation in federal courts." *Lonsdorf*, 47 F.3d at 898.  In *Lonsdorf*, it was "patently obvious" both that the defendant benefited and the plaintiff suffered an injustice from defendant's fraudulent alteration of a document.  *Id*.  Rule 60(b)(3) was the "escape valve" used by the court to reverse that injustice.  In contrast, here, Trujillo was not prevented from fully and fairly presenting his case because his own attorney sent the Demand Letter.  Trujillo does not deny receiving it, and Rockledge had no way of knowing either that he did not have it or that he might think it would advance his arguments. In any event, the Demand Letter did not put Rockledge on notice that Trujillo had filed an EEOC charge.

Trujillo argues that under Rule 60(b)(3) there must only be a ***possibility*** that having the evidence before judgment would have affected the outcome.  However, there is no possibility that the outcome would have been affected here.  Further, because the issue here is not one of credibility or the weighing of evidence, as in the cases he cites, the Seventh Circuit may examine the evidence of the e-mail and Demand Letter and determine that, even if they had been cited, Trujillo's claims would not have survived the motion to dismiss. *Cf. Viskase*, 979 F. Supp. at 700 ("[I]n cases in which a court or jury is presented with perjured testimony which is relevant and material to the issues decided, the requirements are slightly different. In such

18

cases the court should not attempt to weigh the effect of the perjured testimony on the trier of fact and should instead order a new trial.") (internal citation omitted).

Trujillo fully and fairly raised all arguments available to him, and the District Court properly rejected them, multiple times. It is not "patently obvious," as Trujillo claims, that the District Court would have denied Rockledge's Motion to Dismiss if Trujillo had alleged that his attorney sent a demand letter to Rockledge that did not reference an EEOC Charge, at a time when an EEOC charge had yet to be filed. (*See* App. Br. at 18.) Had he so alleged, the District Court rightly would have rejected such allegations, as it did the other allegations he presented in an attempt to show Rockledge should have known of his EEOC Charge. (Dkt. No. 92 at 2 ("The Court found that Trujillo's new allegations . . . did not permit the plausible suggestion or inference that Rockledge had or should have had notice of his EEOC charge[.]").)

Because there is no clear and convincing evidence that any misrepresentation prevented Trujillo from fully and fairly presenting his claims to the District Court, he was not entitled to relief under Rule 60(b)(3).

### C.    Trujillo's Argument That The District Court Applied The Wrong Standard Fails Because The Court Can Affirm On Any Ground Supported By The Record.

Trujillo argues that the District Court's decision should be reversed because it applied the wrong standard. (App. Br. at 7–14.) He is incorrect. The Court stated the correct standard, and found that Trujillo could not meet it because his motion was based on a misrepresentation in the form of an alleged concealment. The Court concluded that because Trujillo had the Demand Letter, there was no concealment and so there was no need to further examine the alleged misrepresentation or the

extent to which Trujillo might have been prevented from presenting his case:

> The Court need not determine whether Rockledge's statement was a misrepresentation or whether it prevented Trujillo from fully and fairly presenting his cases, because a Rule 60(b)(3) motion based on alleged concealment of documents or information will not succeed if the movant was aware of or had access to the information concealed.

(S.A. 003) (citations omitted).

The District Court's conclusion was correct. It found that Trujillo had actual or constructive knowledge of the Demand Letter (S.A. 003), so, even if Rockledge's statement had been false or misleading (which Rockledge disputes), it would not have been fraudulent for the purposes of Rule 60(b)(3). A party cannot commit fraud or misrepresentation against a party who is aware of the information being concealed. *See Kennedy v. Schneider Elec.*, No. 17-1645, at *8 (7th Cir. Jun. 19, 2018) ("'A lie uttered in court is not a fraud on the liar's opponent if the opponent knows it's a lie yet fails to point this out to the court.'") (*quoting Oxxford Clothes XX, Inc. v. Expeditors Int'l of Washington, Inc.*, 127 F.3d 574, 578 (7th Cir. 1997)). Likewise, when a movant is aware of the information allegedly concealed, such concealment simply cannot prevent him from using such information to fully and fairly present his case. While *Lonsdorf* had possession of the document, the Court found it was reasonable for her to assume that the copy defendant produced matched her own copy. By contrast, Trujillo has offered no excuse for his failure to allege the very fact he claims could save his claim. While Trujillo alleges that the District Court "ignored [*Lonsdorf*] and the principles it articulated," (App. Br. at 12), Trujillo was aware of the facts allegedly "concealed," which renders *Lonsdorf* inapposite here.

Even if the District Court had applied the wrong legal standard, that does not

compel reversal here because, as discussed above, the Court may affirm its decision on any ground.  Indeed, in the cases cited by Trujillo, the Seventh Circuit did not reverse the District Court simply because it applied the wrong standard. Rather, after analyzing the record under the correct standard, it determined that relief from judgment was warranted.  *See Snowden v. Litton Loan Servicing Inc.*, 356 B.R. 429, 430, 432 (N.D. Ill. 2006) (finding the court abused its discretion in reading the plaintiff's motion as relying solely on Rule 60(b)(2), and determining that Rule 60(b)(3) required relief from judgment); *Wells Fargo Fin. Leasing, Inc., v. Comdisco, Inc.,* No. 5 CV 129, 2006 WL 1519324, at *5–9 (N.D. Ill. May 30, 2006) (holding that bankruptcy court used too strict of a standard and finding plaintiff was entitled to relief when applying the correct standard). If the Court determines the District Court used the wrong standard here, it should nonetheless affirm because relief is not warranted under Rule 60(b)(3).

## VII.   CONCLUSION

For the foregoing reasons, Defendant-Appellee, Rockledge Furniture LLC, respectfully requests this Court deny Appellant Humberto Trujillo's appeal and affirm the District Court's denial of Plaintiff–Appellant Trujillo's Motion for Relief from Final Judgment Under Rule 60(b).

**CERTIFICATE OF COMPLIANCE**

The undersigned, an attorney, hereby certifies that this brief complies with the limitations on length imposed by Circuit Rule 32(c) and Fed. R. App. P.   32(a)(7) because it contains 5,862 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced type face using Microsoft Word, Version Windows 7 in Century Schoolbook, 12 point font, 11 point for footnotes.

Dated: May 2, 2019

/s/ *Amanda E. Inskeep*
Amanda E. Inskeep
LITTLER MENDELSON, P.C.
Attorney for Appellee

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2019, I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/*Amanda E. Inskeep*
Amanda Inskeep
LITTLER MENDELSON, P.C.
Attorney for Appellee